IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 NOV 14 AM 9:53

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| RONALD HANCOCK, SR., | X | |
| Plaintiff, | X | |
| vs. | X | No. 04-2256-Ml/V |
| U.S. DEPARTMENT OF EDUCATION, et al., | X | |
| Defendants. | X | |

ORDER CORRECTING THE DOCKET
AND
ORDER GRANTING THE MOTION TO DISMISS
FILED BY DEFENDANT U.S. DEPARTMENT OF EDUCATION

Plaintiff Ronald Hancock, Sr., a resident of Memphis, filed a <u>pro se</u> complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on April 12, 2004 and paid the civil filing fee. The defendants are the United States Department of Education ("DOE"), Van Ru Credit Corporation, Texas College, and G.C. Services Limited Partnership. The lawsuit concerns an unpaid student loan the plaintiff allegedly took out to finance his education at Texas College from 1973 through 1975. The Court issued an order on May 11, 2004 that, <u>inter alia</u>, directed the Clerk to issue summonses to the plaintiff and directed the plaintiff to effect service on the defendants. Plaintiff filed a return of service on the DOE on September 17, 2004.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  11-14-05



On July 28, 2005, the DOE filed a motion to dismiss or, in the alternative, for a more definite statement. Plaintiff did not file a timely reply to that motion and, therefore, the Court issued an order on September 19, 2005 directing the plaintiff to show cause, within ten (10) days, why the motion should not be granted. In response, plaintiff filed a document on September 22, 2005, entitled "Motion Not to Dismiss," that does not address the jurisdictional issues raised in this motion and, instead, appears to be the plaintiff's version of a pretrial order.[1]

As the first ground for its motion, which is presumably brought pursuant to Fed. R. Civ. P. 12(b)(4) & (5), the DOE asserts that it was not properly and timely served with process. Pursuant to Fed. R. Civ. P. 4(i)(2)(A),

> [s]ervice on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

Rule 4(i)(2)(A), by its terms, requires compliance with Fed. R. Civ. P. 4(i)(1)(A), which provides that

[s]ervice upon the United States shall be effected

> (A) by delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of

---

[1] Although the docket sheet correctly notes that the document filed on September 22, 2005 is a response to the order to show cause, the motions report for the case lists that document as a pending motion. The Clerk is ORDERED to correct the docket to remove plaintiff's filing from that list.

2

the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in an action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint, by registered or certified mail to the officer or agency.

The May 11, 2004 order put the plaintiff on notice of the proper means of making service on the DOE. 05/11/04 Order at 2.

As the DOE's motion points out, the docket sheet for this case indicates that no summons was issued for service on the United States Attorney for this district, and no summons was issued for service on the Attorney General. Motion to Dismiss or, Alternatively, Motion for More Definite Statement, Combined with Supporting Memorandum, filed July 28, 2005 ("DOE Mot."), at 2.

It also appears that a copy of the summons and complaint was not properly served on the DOE itself. The return of service on the DOE, which was filed on September 17, 2004, indicated that copies of the summons and complaint were mailed to the DOE in Iowa City, Iowa and were signed for on September 8, 2004. The DOE submitted the declaration of Fred Marinucci, a Deputy Assistant General counsel for the Division of Postsecondary Education, Office of the General Counsel ("OGC"), of the DOE, which states, in pertinent part:

> 9. Education regulations at 34 C.F.R. 4.1 require that service of process be completed by delivery, either by mail or in person, to the General Counsel or a

3

        Deputy General Counsel at 400 Maryland Avenue, S.W., Washington, D.C. 20202.

10. Education's Office of General Counsel maintains a system to record incoming mail. The tracking system reflects only one document received concerning the case "Hancock v. U.S. Dep't of Education & Texas College." OGC received this document from [the DOE's Office of Federal Student Aid ("FSA")]. . . .

11. I located the original OGC tracking system control sheet [for the document referred to in ¶ 10], which was attached [to] the envelope in which the document was mailed. From the notations on the control sheet, I can determine that the Assistant General Counsel for [the DOE's Division of Postsecondary Education ("DPE")], Harold Jenkins, forwarded the document to Sally Wanner, an attorney in DPE, and then to me. . . This document, which appears dated by Mr. Hancock on November 15, 2004 and recites that it includes "Initial Disclosures," was received in OGC on June 21, 2005 and was mailed from zip code 52041. . . . Ms. Wanner returned the package to me with a note indicating she had never seen this. . . .

12. After I received these documents, I checked [the DOE's computer database, Debt Management and Collection System ("DMCS")] and determined that on June 13, 2005, NCS-Pearson, Inc., a firm under contract to the Department to respond to correspondence and telephone inquiries regarding student assistance matters had received a copy of pleadings in a lawsuit Ron Hancock had filed against Education, and had forwarded that pleading to OGC. . . . I printed this screen on July 1, 2005. . . . I also obtained several records on the case from PACER on July 1, 2005. . . . I then placed calls to the United States Attorneys Office in the Western District of Tennessee to determine whether that office had been served or was otherwise aware of the case, and to request that the office represent the Department in this action. . . .

13. I reviewed the copy of the certified mail receipt filed with the return of service with the court . . . , which I obtained from PACER. The receipt shows delivery to the United States Department of Education, Iowa City, IA, and is signed by a Vern Slade. NCS Pearson is located in Iowa City, IA, and Mr. Slade is an employee of NCS Pearson, not of Education. Mr. Slade works in the mailroom of NCS Pearson. . . .

4

>    14. The only other document OGC has received concerning Mr. Hancock is a mail delivery, again from FSA through PIC,[2] received on July 6, 2005.

Declaration of Fred J. Marinucci, executed on July 26, 2005.

It is readily apparent that the DOE has not been properly served. The plaintiff's response to the order to show cause, which was filed on September 22, 2005, does not address the issue of service on the DOE. Accordingly, the case is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(4) & (5).

Although the Court ordinarily would consider whether this pro se plaintiff is entitled to an additional opportunity to obtain service on the DOE, in this case the DOE has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 4(m), for failure to effect service in a timely manner. That rule provides, in pertinent part, as follows:

>    If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate time.

The May 11, 2004 order advised the plaintiff that "the time limit set forth in Fed. R. Civ. P. 4(m) shall commence running on the date of entry of this order." 05/11/04 Order at 2.

The plaintiff in this case has failed to serve the DOE within the time specified in Rule 4(m), and he has not attempted to show good cause for his failure. The case is, therefore, also

---

[2]   This term is not defined in the declaration.

5

subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m).[3]

Although the Court has the option, pursuant to Rule 4(m), of directing the plaintiff to effect service on the DOE within a specific time, that course is inappropriate in this case. Plaintiff's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Mitchell v. Community Care Fellowship, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The complaint in this case fails to comply with Rule 8(a)(1). The complaint was filed on the form used for commencing actions pursuant to 42 U.S.C. § 1983, which applies to violations of rights secured by the United States Constitution or federal law by persons acting under color of state law. The DOE, a federal

---

[3] Although the Court is obligated to ensure that service is properly made when a plaintiff is proceeding in forma pauperis, Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996), the responsibility for properly serving a paid complaint rests with the plaintiff, id.; Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)."). In this case, the Court explicitly advised plaintiff of the requirements for proper service, and the DOE's motion plainly put him on notice that his efforts to obtain personal jurisdiction over the defendant were insufficient.

6

agency, acts under color of federal law. See Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Kostyu v. Ford Motor Co., No. 85-1207, 1986 WL 16190, at *1 (6th Cir. July 28, 1986) ("We observe initially the lack of state action which would provide jurisdiction for this action under § 1983. The defendants are federal officials and private parties carrying out federal income tax policies."). Although it is conceivable that the Court has jurisdiction over this action against the DOE pursuant to 28 U.S.C. § 1331, it is the plaintiff's responsibility to identify the applicable federal statutes.

Moreover, the complaint also fails to comply with Rule 8(a)(2). As the defendant has pointed out, "the complaint is so vague and ambiguous that the United States cannot reasonably frame a responsive pleading." DOE Mot. at 3. Although the plaintiff, in his deposition, has taken the position that submission of documents is sufficient to establish his entitlement to relief, the plaintiff is mistaken.[4] "A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding." Jennings v. Emry, 910

---

[4] The Court has reviewed the plaintiff's deposition, which was taken by another defendant, in an effort to discern the factual basis for this action.

F.2d 1434, 1435 (7th Cir. 1990) (citations omitted). The plaintiff's September 22, 2005 filing fails to address this issue.

Because the plaintiff has failed to respond to the substantive issues raised in this motion, no useful purpose would be served by directing him, again, to comply with the Federal Rules of Civil Procedure. Accordingly, the Court GRANTS the DOE's motion and DISMISSES the complaint with respect to it, without prejudice, pursuant to Fed. R. Civ. P. 4(m), 8(a), and 12(b)(4), (5), and (6).

IT IS SO ORDERED this \_\_\_14\_\_\_ day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:04-CV-02256 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Russell Wood
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Stephen A. Hester
ARMSTRONG ALLEN, PLLC- Memphis
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Ronald W. Hancock
2023 Jamie Dr.
Memphis, TN 38116

Alan R. Strain
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Paul A. Matthews
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Honorable Jon McCalla
US DISTRICT COURT