IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ CG ___ D.C.
05 NOV 16 AM 10: 24
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|   |   |
|---|---|
| RONALD HANCOCK, SR., | X |
| Plaintiff, | X |
| vs. | X   No. 04-2256-Ml/V |
| U.S. DEPARTMENT OF EDUCATION, et al., | X |
| Defendants. | X |

ORDER DENYING THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS
G.C. SERVICES LIMITED PARTNERSHIP AND VAN RU CREDIT CORPORATION
AND
ORDER DISMISSING THE COMPLAINT WITH RESPECT TO THOSE DEFENDANTS

Plaintiff Ronald Hancock, Sr., a resident of Memphis, filed a *pro se* complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 on April 12, 2004 and paid the civil filing fee. The defendants are the United States Department of Education ("DOE"), Van Ru Credit Corporation ("Van Ru"), Texas College, and G.C. Services Limited Partnership ("G.C. Services"). The lawsuit concerns an unpaid student loan the plaintiff allegedly took out to finance his education at Texas College from 1973 through 1975. Defendants Van Ru and G.C. Services are apparently collection agencies under contract to the DOE to attempt to collect the debt. The Court issued an order on May 11, 2004 that, *inter alia*, directed the Clerk to issue summonses to the plaintiff and directed the plaintiff to effect service on the defendants. Plaintiff filed a

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _11-16-05_

31

return of service on the DOE and Texas College on September 17, 2004.

On July 29, 2005, defendants Van Ru and G.C. Services filed separate, but substantively identical, motions for summary judgment, supported by the plaintiff's deposition. Plaintiff did not file a timely reply to that motion and, therefore, the Court issued an order on September 19, 2005 directing the plaintiff to show cause, within ten (10) days, why the motion should not be granted. In response, plaintiff filed a document on September 22, 2005, entitled "Motion Not to Dismiss," that does not specifically address the issues raised in this motion and, instead, appears to be the plaintiff's version of a pretrial order.

Although the defendants' motions are directed to the substance of the plaintiff's claims, it is first necessary to consider a threshold issue, identified in the first paragraph of each defendant's motion. Both Van Ru and G.C. Services preface their summary judgment motions with the statement that "Plaintiff's Complaint does not state a claim for relief. Thus, Defendant does not know what legal theory Plaintiff is proceeding under." Resolution of this issue is required before the substance of any claim can be evaluated.

Plaintiff's complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, and (2) a short and

2

plain statement of the claim showing that the pleader is entitled to relief." The Sixth Circuit has emphasized that "[a] complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Mitchell v. Community Care Fellowship, 8 Fed. Appx. 512 (6th Cir. May 1, 2001) (emphasis in original; citation omitted).

The complaint in this case fails to comply with Rule 8(a)(1). The complaint was filed on the form used for commencing actions pursuant to 42 U.S.C. § 1983, which applies to violations of rights secured by the United States Constitution or federal law by persons acting under color of state law. However, there is no basis for imputing state action to the conduct of Van Ru and G.C. Services, both of which are apparently private business entities. Even if these defendants are deemed to be governmental due to their contracts with DOE, the DOE, a federal agency, acts under color of federal law. See Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Kostyu v. Ford Motor Co., No. 85-1207, 1986 WL 16190, at *1 (6th Cir. July 28, 1986) ("We observe initially the lack of state action which would provide jurisdiction for this action under § 1983. The defendants are federal officials and private parties carrying out federal income tax policies."). Accordingly, 42 U.S.C. § 1983 provides no basis for federal jurisdiction over this action.

Although it is conceivable that the Court has jurisdiction over this action against Van Ru and G.C. Services pursuant to 28

3

U.S.C. § 1331, it is the plaintiff's responsibility to identify the applicable federal statutes. In this case, it would not be appropriate to construe the complaint against these defendants as arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because nothing on the face of the complaint, or in the plaintiff's deposition, indicates these defendants have violated that statute. See id., §§ 1692c-f (listing unfair practices prohibited by the FDCPA).[1]

Moreover, the complaint also fails to comply with Rule 8(a)(2). The complaint provides very little explanation about the basis for the plaintiff's claims against Van Ru and G.C. Services. The only factual allegation against G.C. Services is the statement "owes me $669.00," and the only factual allegation concerning Van Ru is the statement "harassment about garnishments." At his deposition, the plaintiff provided little additional information about his claims against these defendants. Van Ru's purported harassment apparently consisted of sending collection letters to the plaintiff. Deposition of Ronald Hancock, Sr., taken June 23, 2005 ("Hancock Dep."), at 56.[2] The $669 that Van Ru allegedly owes the plaintiff appears to be an income tax refund that the Department of the Treasury withheld because of the unpaid student loans. Id. at 77; see also id. at 80-81. Although the plaintiff, in his

---

[1] Moreover, pursuant to 15 U.S.C. § 1692k(a), civil liability for noncompliance is limited to actual damages plus $1000.

[2] The plaintiff also asserts that the promissory notes were "falsified," id. at 56-64, but the plaintiff has provided no evidence to support that assertion and he also has provided no evidence that these defendants were responsible for, or even knowledgeable about, the purported forgeries.

4

deposition, has taken the position that submission of documents is sufficient to establish his entitlement to relief, see id. at 83, the plaintiff is mistaken. "A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding." Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990) (citations omitted). The plaintiff's September 22, 2005 filing fails to address this issue.

Although defendants Van Ru and G.C. Services seek summary judgment on the plaintiff's claims, whatever they may be, the Court is not prepared to make factual findings on the substantive issues raised in the complaint where, as here, the basis for the Court's subject-matter jurisdiction has not been established and the nature of the plaintiff's claims has not been defined.[3] Accordingly, the Court DENIES the motions for summary judgment filed by defendants Van Ru and G.C. Services.

The fact that summary judgment on the merits is not appropriate does not mean that the case should be tried. Federal courts are courts of limited jurisdiction. Finley v. United States, 490 U.S. 545, 547-48 (1989); Aldinger v. Howard, 427 U.S. 1, 15 (1976); Stillman v. Combe, 197 U.S. 436 (1905); Turner v. Bank of N. Am., 4 U.S. 8, 10 (1799). Federal courts are obliged to act sua

---

[3] Moreover, defendants Van Ru and G.C. Services have not complied with Local Rule 7.2(d)(2), which requires a party seeking summary judgment to submit a statement of undisputed facts.

5

sponte whenever a question concerning jurisdiction arises. See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10 (1938); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)); 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522, at 70 (1984). "[Fed. R. Civ. P.] 12(h)(3) provides that a court shall dismiss an action '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.'" Id.

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

As previously noted, the complaint does not allege any basis for federal subject-matter jurisdiction, and it is clear that the complaint fails to state a claim under 42 U.S.C. § 1983 or the FDCPA. Moreover, the Court declines to construe the complaint as

6

arising under 28 U.S.C. § 1332, which requires complete diversity of citizenship, because the DOE, a federal entity, is not a citizen of a state. General Ry. Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991); Weeks Constr., Inc. v. Oglala Sioux Housing Auth., 797 F.2d 668, 676 n.10 (8th Cir. 1986); cf. Moore v. County of Alameda, 411 U.S. 693, 717 (1973) (a State cannot be a citizen of itself for purposes of diversity jurisdiction); Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482 (1894) (same).

Because the plaintiff has failed to respond to the substantive issues raised in these motions or in the motion filed by DOE, no useful purpose would be served by directing him, again, to comply with the Federal Rules of Civil Procedure. Accordingly, the Court DISMISSES the complaint with respect to defendants Van Ru and G.C. Services. As the Court has not made factual findings concerning the subject-matter of this action, the plaintiff is not precluded from filing an appropriate action against these defendants based on their collection practices.

IT IS SO ORDERED this __14__ day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 31 in case 2:04-CV-02256 was distributed by fax, mail, or direct printing on November 16, 2005 to the parties listed.

---

Paul A. Matthews
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Ronald W. Hancock
2023 Jamie Dr.
Memphis, TN 38116

Stephen A. Hester
ARMSTRONG ALLEN, PLLC- Memphis
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Russell Wood
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

B. J. Wade
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Alan R. Strain
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

William W. Siler
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Jon McCalla
US DISTRICT COURT